(83 Misc. Rep. 141.)

### PENZES v. MARTIN et al.

(Supreme Court, Special Term, Erie County. December 4, 1913.)

INJUNCTION (§ 107*)—SUBJECTS OF PROTECTION—RESTRICTIVE CONTRACTS.

Where defendants sold a grocery business agreeing not to re-engage, for five years, in that business within one mile of their old stand, plaintiffs, who purchased the business from defendants' buyers, cannot enforce the restrictive covenant by injunction, where their bill of sale did not refer to it, even though the original covenant recited that it was for the benefit of the buyer's heirs, executors, and administrators.

[Ed. Note.—For other cases, see Injunction, Cent. Dig. §§ 181–183; Dec. Dig. § 107.*]

Action by Martin Penzes against Frank Martin and another. On motion for temporary injunction. Motion denied.

Frederick O. Bissell, of Buffalo, for plaintiff.
F. W. Werner, of Buffalo, for defendants.

WOODWARD, J. This is a motion for a temporary injunction, restraining the defendants from conducting a business in the immediate locality of the business now being carried on by the plaintiff at No. 277 Grote street, Buffalo. The complaint alleges that for some time prior to the 23d day of April, 1912, the defendants were engaged in the grocery business at No. 277 Grote street, Buffalo, and that on or about that date the said defendants, by a certain bill of sale, sold, assigned, transferred, and set over unto John Polcsek and Mary Polcsek, his wife, and their executors and assigns, all the stock of groceries and other merchandise then located at the above-mentioned place; and that simultaneously therewith, and in consideration of the purchase price of the said business, the said defendants covenanted with the said Polcsek, their executors and assigns, in and by the terms of the said bill of sale, not to engage in the grocery business within a radius of one mile from said location for a term of five years; that the said Polcsek entered into possession of the business above mentioned; and

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that on the 8th day of May, 1912, the said Polcsek, by an agreement in writing, sold, assigned, transferred, and set over unto the said plaintiff, his executors, administrators, and assigns, all the said stock of goods and business at No. 277 Grote street, being the same store, goods, and business purchased by the said John Polcsek and Mary Polcsek, his wife, from the said defendants as above mentioned, together with all their rights, title, interest, and privileges that the said John Polcsek and Mary, his wife, acquired from the said defendants by virtue of the agreement heretofore referred to in this complaint, and paid a good consideration therefor; that the plaintiff entered into possession of the business and conducted the same; and that the defendants have, notwithstanding said sale of their said business and the covenant entered into, engaged in business at a point just around the corner from said 277 Grote street, and are now competing for the trade of the neighborhood to the damage of the plaintiff. After the usual allegations of damages by reason of such conduct, the complaint demands judgment restraining the defendants from competing for the local trade, and we are now considering a motion for a temporary injunction, pending the trial of the action.

The moving affidavits have appended to them the bills of sale mentioned in the complaint, and they fail, in my opinion, to support the allegations of the complaint in some material respects. The first bill of sale bears date of April 23, 1912, and conveys "all the stock of groceries and other merchandise now located in the premises No. 277 Grote street, Buffalo, N. Y., together with the fixtures, showcases, coffee grinder, peanut machine, and one wagon and one horse," while the second, bearing date of the 8th of May, 1912, conveys "all the stock of groceries and other merchandise now located in the premises No. 277 Grote street, in the city aforesaid, together with the showcases, fixtures, one coffee grinder, one peanut machine, one wagon and one horse, except two counters belonging to the owner of the premises, now in the above address." There is no reference to the first bill of sale; there is no assignment of any of the rights or privileges of the parties. Merely a bill of sale of a certain stock of goods which was then located at the store at No. 277 Grote street. There is nothing said about an assignment of any covenant, and how we are going to read into a simple bill of sale an assignment of a covenant between the defendants and one who is a stranger to this record, it is difficult to understand. The first bill of sale, in which Frank Martin and Veronika Martin conveyed a certain stock of goods then in a store at 277 Grote street, to John Polcsek and wife, did recite that it "is further agreed that the parties of the first part will not engage in the grocery business within a radius of one mile from No. 277 Grote street, Buffalo, N. Y., for a period of five years." But there has been no attempt to assign this bill of sale; the Polcseks have merely sold a stock of goods and fixtures, which answer the same general description of that involved in the first bill of sale, but they have not, so far as the written contract of sale appears, attempted to assign any rights or privileges to the plaintiff, other than such as are involved in the ownership of the goods, and, so long as they have not parted with any rights which they may

have to enforce this covenant, we are unable to discover any reason why a court of equity should enjoin the defendants from gaining a livelihood. When the Polcseks or their assigns ask for protection under the covenant, a different question will be presented, but as between the parties now before the court there is no ground on which the injunctive relief demanded could be properly granted; the plaintiff is not a party in interest. All his rights are to be determined by the bill of sale under which he holds the stock of goods and fixtures; we have no power to write into that an assignment of a covenant found in some other paper, and which is not shown to have any relation to the bill of sale under which he gains his right of ownership.

The motion should be denied, with $10 costs.